-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGAMUTHU GOUNDER PALANIAPPAN,

        Plaintiff,

    -v-                                   DECISION AND ORDER
                                              07-CV-0176A

DR. VIJAYALAKSHMI ANGAMUTHU, VK NATARAJAN, N. VASANTHA, N. VENKATESAN, V. YASODHA, DR. S. MALARVIZHI, VK ARUMUGHAM, MAKESH KARUPPIAH, M. GEETHA,

        Defendants.

---

## **INTRODUCTION**

Plaintiff Angamuthu Gounder Palaniappan has filed this *pro se* action and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, including his ex-wife, Dr. Vijayalakshmi Angamuthu, members of her family, and other individuals, conspired to inflict various injuries upon him, all stemming from the separation of plaintiff from his daughter. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and the complaint is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), on the bases that the Court lacks subject matter jurisdiction and the complaint fails to state a claim.

## DISCUSSION

### A. PLAINTIFF'S ALLEGATIONS

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally . . . ." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.' " *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to

relief above the speculative level.'" *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007).

The complaint, boiled down to its most decipherable premise, alleges that plaintiff married defendant Dr. Vijayalakshmi Angamuthu in 1992. Their only child, Priya Angamuthu Gounder, was born the next year in the United States, but left with her grandparents for India as an infant. Once plaintiff's wife neared completion of her DDS degree in 1997, the child returned to the United States to be reunited with her parents. However, less than five months later, plaintiff and defendant separated, and defendant moved away in the first of several relocations over the next ten years. Plaintiff and his ex-wife divorced in February 2000, agreeing to share joint legal custody and joint physical custody of their daughter. Plaintiff now contends that the terms of that agreement have been violated, that his ex-wife, along with the other defendants, participated in a grand conspiracy to separate him from his daughter and destroy his life, and that this was the motivation behind the ex-wife's many relocations. Plaintiff further alleges that his contact with his child was severely limited and that his many phone calls and e-mails to her were blocked. According to the plaintiff, this separation has caused great emotional angst for both he and his daughter, as well as economic damages.[1] Hoping to one day be reunited with his daughter, plaintiff filed this suit.

---

[1] The link between the alleged facts and these monetary damages is not entirely clear and appears largely speculative.

3

## B. **SUBJECT MATTER JURISDICTION**

Plaintiff does not specifically set forth the basis of this Court's jurisdiction but does claim that he currently resides in India and the defendants reside in different states within this country. (Complaint, ¶ 2A). Plaintiff does not allege that the defendants are domiciled within this country or that he is domiciled, rather then currently residing, in India,[2] *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (A person's citizenship for purposes of diversity jurisdiction is his domicile, which is defined as the state in which a person is both present and intends to remain for the indefinite future.), but the Court, construing the complaint liberally as it must, presumes that the purported basis of jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2)--"citizens of a State and citizens or subjects of a foreign state" and the amount in controversy exceeds $75,000.

The basis for the subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a district court's subject matter jurisdiction may be exercised only when a "federal question" is presented, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00. *Gray v. Internal Affairs Bureau*, 292 F. Supp. 2d 475, 476 (S.D.N.Y. 2003). The only logical basis for subject matter jurisdiction is that based on diversity of citizenship, and that is how the Court will construe the complaint herein.

---

[2] Plaintiff has filed two other actions in this Court: *Palaniappan v. Melmaruvathur Adhiparasakthi Charitable Medical Educational and Cultural Trust, et al.*, 07-CV-0226A, in which he appears to allege that a religious based organization and its founder somehow interfered with his relationship with his wife or ex-wife; and *Palaniappan v. Government of India*, 07-CV-0221A. In 07-CV-0221A, the Court (Hon. William M. Skretny) found that the case against India and one of its political subdivisions, Tamil Nadu, was barred by the Foreign Sovereign Immunities Act, and the case was, accordingly, dismissed. (*Id.*, Decision and Order, entered August 6, 2007). The other action, 07-CV-0226A, was dismissed for lack of subject matter jurisdiction. (*Id.*, Decision and Order, entered September 7, 2007).

4

"It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal citations omitted). Moreover, "[w]here jurisdiction is lacking, ... dismissal is mandatory." *Id.*; *see also* Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

### 1. The "Domestic Relations" Exception

To the extent the complaint raises issues relating to the parties custody agreement or decree, the Court must consider whether the domestic relations exception to a federal court's subject matter jurisdiction applies herein. "The United States Supreme Court . . . has long recognized that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Puletti v. Patel*, 05 CV 2293 (SJ), 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestics relation exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). Even where diversity jurisdiction exists, this deference to state law may "divest[ ] the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt*, 504 U.S. at 703. In Ankenbrandt, the Court stated:

> Although *In re Burrus* [,136 U.S. 586 (1890)] technically did not involve a construction of the diversity statute, as we understand *Barber [ v. Barber*, 21 How. 582, 16 L.Ed. 226 (1859)], to have done, its statement that "[t]he whole

5

> subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States," *id.*, at 593-594, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction. (Citations omitted). This application is consistent with Barber's directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees. (Citation omitted).

*Ankenbrandt*, 504 U.S. at 703.

Beyond long-standing practice, the domestic relations exception rule is further supported by the practical consideration that state courts are better positioned to handle litigation on such domestic matters. *Id.* at 703-04.

Plaintiff's complaint weaves down many paths of legal "doctrine," some more confusing than others. All, however, relate back to the violation of plaintiff's custodial rights as a parent. Curiously, he does not seek injunctive relief regarding the custody agreement, but only makes what appear to be claims arising out of what may be breaches of the custody agreement for which he seeks damages.

Despite the narrow application of the domestic relations exception, the Court finds that all of plaintiff's "claims" are inextricably intertwined with the state custody agreement or decree and therefore is barred by the domestic relations exception. While it is true that federal courts may have jurisdiction to decide tort claims in the domestic relations context, *McArthur v. Bell*, 788 F. Supp. 706, 708 (E.D.N.Y. 1992), "all of [plaintiff's] allegations regarding violations of his . . . rights . . . are directly related" to the divorce and custody agreement. *Id.* at 709. While the domestic relation exception itself is narrow, it applies generally to issues relating to the custody of minors. *Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir.1967). In addition, the Second Circuit has stated that federal courts have discretion to abstain from exercising jurisdiction over

issues "on the verge of being matrimonial in nature" as long as full and fair adjudication is available in state courts. *American Airlines v. Block*, 905 F.2d 12, 14 (2d Cir.1990) (internal quotations and citation omitted).

While plaintiff attempts to couch his claims in terms of state law tort claims and the like, it is abundantly clear to the Court that he is asking the Court to review the custody decree adjudicating the rights between him and his ex-wife in relation to the custody of their daughter. His claims herein are directly related the state divorce and custody proceedings and this Court could not resolve this dispute without "becom[ing] embroiled in factual disputes concerning custody and visitation matters." *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990). Such is not the role of the federal courts and, accordingly, the domestic relations exception requires the Court to dismiss the complaint for lack of subject matter jurisdiction.

### C. RULE 8 AND FAILURE TO STATE CLAIM FOR RELIEF

Even if the Court were to have found that the domestic relations exception did not apply herein, the complaint would nevertheless be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint that plaintiff has submitted to the Court is convoluted, repetitious, and conclusory. The document is full of strings of legal terminology, or "legalese." Plaintiff not only attempts to state legal claims without supplying the alleged underlying facts, but also has concocted some new categories of claims. At times, the complaint is nothing more than a list of pseudo-legal terms – "Civil Conspiracy, Marriage Fraud ab intio [*sic*], Planned Marriage, Planned Divorce, Planned Separation of Child from Father and Planned Swindling of Wealth in the Process and Tortful Preservation for Building Blood Relations, Planned Suppression of Father Child Relationship, Undue Influence, Unjust Enrichment, Planned and Deliberate Child Abuse and

Neglect, Family and Marital Tort . . . . (Docket No. 1, Complaint at 5). Plaintiff must do more than make "conclusory allegations or legal conclusions masquerading as fact[s]." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal citation and quotation marks omitted).

Where plaintiff does attempt to flesh out his allegations, the results range from the maddeningly complicated ("Plaintiff also submits that R5 is the niece of R2, cousin sister of R1, R4 and R6 and presently the wife of R4 . . . R6 is the niece of R2 and R7, cousin sister of R1, R4 and R5 . . . R7 is a brother of R2 and father side uncle of R1, R4, R5 and R6") (Complaint at 8), to the bizarre ("plaintiff's attempt to talk to the child was prevented using a newly installed fax machine attached to the phone line giving typical squeaking noise after three rings, subjecting the plaintiff to further intentional emotional assaults") (Complaint at 14). The complaint is further sprinkled with numerous allegations for which no judicial remedy exists, however true or undesirable they may be ("the defendants have an appetite for ostentation and flamboyance"). (Complaint at 4).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In addition, the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A.

8

Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). As stated previously, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Communications, Inc.*, 493 F.3d at 98 (citations and internal quotations omitted). While a court will generally afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, if "the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim" *Abbas*, 480 F.3d at 639, it shall dismiss the complaint. This is such a case.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. Additionally, the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to both comply with Rule 8 and state a claim upon which relief may be granted.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: October 2, 2007
Rochester, New York